Filed 8/11/25  P. v. Marquez CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

FILIBERTO MARQUEZ,

    Defendant and Appellant.

E084993

(Super.Ct.No. RIF151482)

OPINION

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Appeal dismissed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Filiberto Marquez appeals from the order of the Riverside County Superior Court denying his petition for recall of his sentence and resentencing made under Penal Code section 1170, subdivision (d) (section 1170(d)).

**BACKGROUND**

In 2009, when defendant was 19 years old, he was involved in an armed robbery of a skate and surf shop during which he shot a gun several times at a shopkeeper. A jury convicted him of multiple felonies and enhancements arising out of the robbery, including attempted murder and, in December 2010, the trial court sentenced him to 29 years in state prison. He appealed the judgment and we affirmed. (*People v. Marquez* (Mar. 6, 2013, E055899) [nonpub. opn.] (*Marquez I*).)

In November 2024, defendant filed a form petition under section 1170(d)(1) seeking resentencing. Attached to the petition were several handwritten documents including (i) a lengthy essay describing defendant's self-improvement efforts and the insights he had gained; (ii) letters to the "Community of Riverside," the attempted murder victim and the victim's family, a witness to defendant's crime, defendant's own family, and to the "California Board of Parole Hearings"; and (iii) certificates of defendant's completion of a variety of self-improvement and educational programs offered in the prison, along with documents recognizing his contributions to various programs. In an ex parte hearing held without a court reporter present, the trial court found defendant was ineligible for relief and denied defendant's petition. Defendant appealed and we appointed counsel to represent him.

2

On appeal, defendant's counsel submitted an opening brief setting forth the case history and requesting this court to independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.  Counsel did not include a statement of facts because the "facts of the offenses are not contained in the record on appeal."

Upon receipt of the opening brief, we notified defendant that his counsel had filed a brief stating counsel had not found an arguable issue, that this court is not required to conduct an independent review of the record but it may exercise its discretion to do so, and we invited defendant to file any arguments he deemed necessary.  Defendant did not file a brief.

## DISCUSSION

Section 1170(d) authorizes resentencing of only those persons who were convicted of a crime committed before they turned 18 years old, who have been incarcerated for at least 15 years, and who meet other requirements set forth in the subdivision.  (§ 1170, subd. (d).)  Our review of the record revealed that defendant was 19 years of age at the time he committed the crimes resulting in his current sentence, and that he had served less than 15 years of that sentence at the time he filed his section 1170(d)(1) petition.  Accordingly, although we commend defendant for his well-written expressions of remorse as well as for his self-improvement efforts and achievements made while serving his sentence, we agree with the trial court that he is not eligible for relief under section 1170.

**DISPOSITION**

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____
                                                                    P. J.


We concur:

MILLER_____
                            J.
CODRINGTON_____
                            J.